## GREGORY ET AL. *v.* CITY OF AMORY.

[73 South. 614, Division B.]

MUNICIPAL CORPORATIONS. *Ordinances extending limits. Appeal statute.*
Where a city formerly operating under chapter 99 of the Code of 1906, after the passage of the commission government (chapter 120, Laws 1912), adopted the commission form of government and after coming under commission form of government proceeded to extend the limits of the city under section 3301 of Code 1906, chapter 120, Laws of 1912, providing no scheme for extending corporate limits; an appeal from an ordinance making such extension lies to the circuit court on compliance with section 3303 of the code and such appeal should not be dismissed on the theory that section 18 of chapter 120, Laws 1912, suspended or superseded sections 3303 and 3304 as to cities under commission form of government since the referendum provision contained in chapter 120, Laws 1912, and chapter 158, Laws 1912, do not affect the code sections on appeals in such cases.

APPEAL from the circuit court of Monroe county. HON. CLAUDE CLAYTON, Judge.

APPEAL by A. J. Gregory and others to the circuit court from an ordinance extending the limits of the city of Amory under Code 1906, section 3303, from a judgment dismissing the appeal to the circuit court, appellants appeal.

The facts are fully stated in the opinion of the court.

*D. W. Houston, Sr., & Jr.,* and *J. O. Prude, Jr.,* for appellant.

As imtimated in our statement, the motion and contention of opposite counsel is reducible to about this: that, although the city of Amory is operating under chapter 120 of the Laws of 1912, and in attempting to enlarge its boundary by adding this adjacent unincorporated territory, was acting and proceeding, and passed an ordinance, solely and exclusively under and pursuant to, and by virtue of, sections 3301-3302 and 3305 of chapter 99 of the Code of 1906 (which was the only law authorizing it to so proceed) and not at all under, or pursuant to, or by virtue of, chapter 120 of the Laws of 1912,—that these appellants, who owned lands in the territory attempted to be so added, and who, therefore, were persons interested under section 3304, of the same chapter 99,—had no right of appeal under said sections 3303 and 3304, and no right whatever to have any court to pass upon the validity or reasonableness, of said ordinance; but that the so called referendum provided by section 18 of chapter 120 of the Laws of 1912, was the method, and the sole and exclusive method and way by or under which the reasonableness or validity of said ordinance could be passed upon, and the sole and exclusive remedy which these appellants had or were entitled to; and that, although said chapter 120 of the Laws of 1912, did not expressly repeal said sections 3303 or 3304 of said

chapter 99, but on the contrary section 25 of said chapter 120, of the Laws of 1912, specifically provided that "all laws governing cities operating under the provisions of chapter 99 of the Code of 1906, not inconsistent with the provisions of this Act shall apply to and govern such cities respectively when organized under this act;'"—still, notwithstanding this, that said chapter 120 did by implication repeal said sections 3303 and 3304—or, to state the first part of the proposition in other words, the contention of opposite counsel amounts to this, that, although the exclusive and only way or law, by or under which these city authorities could possibly proceed to enlarge its boundary or territory, and the only law under which it was, as a matter of fact, acting and proceeding in passing this ordinance, was said sections 3301, 3302 and 3305—still that those against whose interests they were acting and whose lands were being included by such action and ordinance, did not have a correlative right to have their action and ordinance passed upon by the circuit court by an appeal under the same law—chapter 99, although the very next sections (sections 3303 and 3304) following the sections (3301 and 3302) under which the city was proceeding—provided for an appeal to, and a hearing by, the circuit court in favor of any person interested.''

According to their contention, sections 3301 and 3302 which immediately precede, and section 3305 which immediately follows, said sections 3303 and 3304, must and should be left in tact so as to give the city the authority, right and power to proceed to pass such an ordinance including appellant's lands, and that they are not at all inconsistent with the provisions of chapter 120 of the Laws of 1912, and are in no way repealed, either expressly or by implication, but that said sections 3303 and 3304—parts of the very same chapter and relating to the very same subject-matter and proceedings, and which confer upon the parties against whose

interests and lands the city is proceeding, the right of appeal and a hearing that these sections, forsooth, are to be bodily cut and carved out of the Code, not by an express or explicit repeal, but by a fine-spun argument that they are repealed by implication; and thus, by a strained implication that said aggrieved and interested parties are denied an appeal or any hearing whatever.

A part of a certain law upon a certain subject-matter and proceeding is not repealed at all, but remains in tact, but another part of the same law upon the same subject-matter, and proceeding, is repealed by an implication purely and simply, and torn up by the roots.

Their contention also amounts and leads to this; that the power and authority of the mayor and commissioners to thus proceed to pass this ordinance to include this land are solely and exclusively derived from and governed by one law, to-wit; chapter 99, Code 1906, and yet the parties aggrieved by this action under this law have no right of appeal and hearing and no right or remedy which they have is not a right of appeal or a right to a hearing before any court, but an entirely different and separate and independent right derived from and governed by an entirely different, separate and independent law, to-wit: Section 120 of the Laws of 1912.

Expressed in other terms, the contention is that the rights and remedies of one of the parties to a certain suit or proceeding about a certain subject-matter are derived from, and governed by, a certain law solely and exclusively; but the other party to the same suit about the same subject-matter has no right or remedies whatever under said law; but his rights and remedies are derived from and governed by a different and separate law, solely and exclusively.

These are some of the conclusions and results which logically and inevitably follow the contentions made by counsel. We respectfully submit that their contentions are untenable and the results which follow from them

would operate unjustly upon the rights of interested parties.

Neither said section 18 of chapter 120 of the Laws of 1912, nor any other provisions of said law, specifically or affirmatively refer to, much less repeal either said sections 3301, 3302 or 3304 of the Code of 1906, giving the power and authority to the board to enlarge the territory of the city or the way it shall proceed; nor sections 3303 and 3304, giving the persons interested, who own lands which are attempted to be included, the right of appeal to and a hearing by, the circuit court, and the way they may proceed. Said Laws of 1912, repeal said sections 3301-2 and 3305 as much, and no more, as they do sections 3303 and 3304. The truth is that said Laws of 1912 are equally silent as to each and all of said sections,—except that section 25 of said chapter 120 of the Laws of 1912, refer in a general way to chapter 99 of the Code of 1906, of which each and all of said sections are a part providing, as heretofore stated, that "all laws governing cities operating under the provisions of chapter 99 of the Code of 1906, not inconsistent with the provisions of this act, and all general and special laws, applicable to special charter cities and not inconsistent with the provisions of this act, shall apply to and govern such cities respectively when organized under this act." ".

If said sections 3303 and 3304 of the Code of 1906, are inconsistent with the provisions of the laws of said Act of 1912, and are repealed by it, then by the same token, said sections 3301-2 and 3305 of the Code of 1906, are equally inconsistent with the provisions of said Act of 1912, and are also repealed thereby, and, therefore, said city authorities had no right to thus proceed at all to enlarge the territory of said city, because the only law under which it could proceed would be under said sections, as said Act of 1912 does not provide for the extension of the city limits.

Said section 25 of said Act of 1912, provides that "the territorial limits of every such city shall remain in the same as under its former organization" and all rights and property of every description which were vested in such city, under its former organization, shall vest in the same under the organization contemplated by this act; and no right or liability, either in favor or against such city, and no suit or prosecution of any kind shall be affected by such change unless otherwise provided for in this Act.

The truth of this whole matter is that none of said provisions of the Code of 1906 are inconsistent with said Act of 1912, and none of said sections are repealed thereby.

That the law does not favor, but rather frowns upon, the repeal of a statute by implication, is too well settled to require an extended citation of authorities; and it is equally well settled that "if two are seemingly repugnant, they should be so construed, if possible, that the latter shall not be a repeal of the former by implication." *Richards* v. *Patterson,* 30 Miss. 583; *Eskridge* v. *McGruder,* 45 Miss. 294; *City of Holly Springs* v. *Marshall County,* 104 Miss. 752; *Richards* v. *Patterson,* 30 Miss. 503; *Ferguson* v. *Monroe County,* 71 Miss. 524. To the same effect is *Deberry* v. *Holly Springs,* 35 Miss. 385; *Wilson* v. *Wallace,* 65 Miss. 13, and many other cases.

We respectfully submit that the lower court erred in dismissing the various appeals of these appellants and ask that this court will reverse and remand this case.

*Leftwitch & Tubb,* for appellee.

Opposing counsel say in their brief that to cut out sections 3302-3303-3304 is to repeal by implication; were we to grant this, which we do not, because this court in the city of Jackson case held to the contrary and by

every logical reason, but we might grant it and still save our case.

By section 25 of chapter 120, Acts of 1912, it is provided that all laws governing cities operating under the provisions of chapter 99, Code of 1906, not inconsistent with the provisions of this act, and all general and special laws applicable to specially chartered cities, and not inconsistent with the provisions of this act, shall apply to and govern such cities respectively when organized under this act. So that there is no repeal here by implication, it is by express provision of the act in question. The legislature most assuredly would not have enacted section 25 of the act if it did not recognize that many of the provisions of chapter 99, Code of 1906, would not be applicable to the commission form of government in a city, and the legislature could not repeal these provisions of chapter 99, without doing great violence to cities which in their wisdom did not adopt the commission form of government, and to the hundreds of municipalities in the state of Mississippi to which the act could not be made to apply. The only thing left to the courts, is, what provisions are inconsistent, and it is no arrogance on the part of the circuit court to decide that question, and none on the part of this court. As was said by Judge CAMPBELL in one of his concise opinions referring to an act repealed by implication that the act repealed could not stand because it was true in law as in physics, that two bodies could not occupy the same space at the same time, and therefore the last expression of the legislature must stand and the first be superseded. The legislature of the state of Mississippi in section 25 recognized the force of the same compelling logic, that two bodies cannot occupy the same space at the same time, by sections 3303-3304 of the Code, the person interested, and who is interested has lately been dealt with by this court in the case of *Thornton* v. *The City*

*of Charleston,* 109 Miss. 255—may submit the reasonableness of the ordinance to the circuit court to be tried by a jury on an issue made up; but that right is certainly taken away by the act establishing the commission form of government for cities. Even were we mistaken and should we agree for appellee's sake that it is not taken away altogether, it cannot possibly be exercised until the reasonableness *vel non* is first submitted to that other jury, the electorate of the city of Amory, as the electors have chosen to do. In the case of *Adams* v. *The Lumber Co.,* 103 Miss. 491, this court held that appellee was estopped, had estopped itself to raise the question it did in the lower court; we might argue just as well here, that when the citizens of Amory voted to adopt the commission form of government with all its incidents, and put the initiative and referendum in force fully and making the people supreme at every juncture, they estopped themselves to apply for redress to a jury, before first resorting to the forum which they themselves have chosen. Legislatures usually defer to the votes of the people in these matters, and the courts should do the same thing. 28 Cyc. 209, and note.

We said a moment ago that there was no repeal by implication here, and we say so still, but if the learned counsel are correct that there was repeal by implication in this kind of case as we read it, has just lately been approved in the case of *City of Jacksonville* v. *Boden,* 64 So. 769. See also, *Yazoo City* v. *Lightcap,* 33 So. 949. Not for the decision of the precise question but for the general trend of decision of courts of last resort affecting this act in their jurisdictions, we refer the court to the following causes which deal at length with the all-prevailing force of referendum statutes and of the ultimate authority that by those statutes when legally enacted and legally enforced, is vested in the people. *Walker* v. *City of Spokane;* Am. Annotated Cases 1912-C an extended note, citing all the authori-

ties. *State of Wash.* v. *Tausick,* 35 Law Rep. (N. S.) 802; *Eckerson* v. *Des Moines,* 115 N. W. 177; *Cole* v. *Dorr,* 23 L. R. A. (N. S.) 534.

Our friends, the appellants, complain while claiming their right of appeal that the argument of appellee in effect is that the statute remains intact for some purposes, and is repealed for other purposes, but the provisions of chapter 120, Laws of 1912, not by implication but by express enactment, as we have already quoted, have done that very thing. In other words, by section 25, they have said that the laws governing cities, etc., not inconsistent with the provisions of this act, etc., shall apply to and govern such cities respectively, when organized under this act. The legislature did not go on and say what was necessary, that such as were inconsistent should not govern such cities respectively, when organized under this act, for the inclusion of one excludes the other, and as we have said, the legislature could not repeal the inconsistent provisions of chapter 99, because they were essential to the government of other municipalities. What the legislature did was tantamount to the same thing as far as this case is concerned and as far as the commission form of government is concerned. Such laws as are inconsistent are a thing apart from all matters applying to commission form of government, and cannot be appealed to by the suitor.

ETHERIDGE, J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Monroe county dismissing the appeals of the appellants in said court from an ordinance extending the limits of the city of Amory. The city of Amory formerly operated under chapter 99 of the Code of 1906, but after the passage of the commission government act (chapter 120, Laws of 1912) adopted the commission form of government, and after coming under commission form of government proceeded to extend the limits of the city of Amory under section 3301 of the Code.

Chapter 120, Laws of 1912, provided no scheme for extending corporate limits. From the ordinance making this extension the appellants appealed to the circuit court, complying with section 3303, but motion was made to dismiss said appeals on the theory that section 18 of chapter 120, Laws of 1912, suspended or superseded sections 3303 and 3304 as to cities under commission form of government, and that the referendum provided for in section 18 of chapter 120, Laws of 1912, was an exclusive method of testing the adoption of ordinances extending the city limits, or, if not exclusive, was at least a condition precedent, and that a petition for a referendum must first be resorted to before appeal. We think the circuit court was in error in dismissing the appeals; that sections 3303 and 3304 are a part of the scheme provided for in section 3301 for extending the city limits, and a city having resorted to this section to extend the limits must be burdened with the right of appeal provided for in sections 3303 and 3304. The referendum provision contained in chapter 120, Laws of 1912, and chapter 158, Laws of 1914, do not effect the above section. The referendum is not a proceeding to test the reasonableness of an ordinance, but is a part of a legislative scheme for enacting municipal ordinances, and the voters may vote for or against an ordinance under these provisions for any reason he thinks proper, whether it be reasonable or unreasonable. One or more persons affected may appeal under the Code provisions, while it takes twenty-five per cent. under the commission government act and twenty per cent. under the initiative and referendum act (chapter 158, Laws of 1914) to secure an election. The provisions are entirely separate, and the right of appeal is not affected by the right of the referendum.

We think the learned judge below committed error in sustaining the motion to dismiss, and the cause is reversed and remanded.

*Reversed and remanded.*